IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**FELIX PERKINS,**                                                           **PLAINTIFF**

**V.**                                                                   **NO. 2:07CV139-P-D**

**CLARKSDALE POLICE DEPARTMENT, et al.,**                                  **DEFENDANTS**

**CONSOLIDATED WITH**

**FELIX PERKINS**                                                             **PLAINTIFF**

**V.**                                                                   **NO. 2:07CV144-P-D**

**ALLAN SHACKELFORD**                                                       **DEFENDANT**

### OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, filed these complaints pursuant to 42 U.S.C. § 1983. Plaintiff is seeking monetary damages and immediate release from confinement stemming from his arrest for the sell of a controlled substance. Specifically, Plaintiff complains about a defective indictment and the Defendants' refusal to give him access to certain evidence. In the consolidated action, Plaintiff named his state appointed attorney as a Defendant and is seeking his removal along with monetary damages and immediate release.

After carefully considering the contents of the *pro se* complaints and giving them the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

Other than being understandably distressed about being incarcerated, Plaintiff makes no vague or specific complaint about the conditions of confinement. It appears as though Plaintiff is attempting to have this court officiate the expeditious handling of the criminal state charges lodged against him. To the extent Plaintiff is challenging the fact of his confinement, such a matter is plainly not appropriate for § 1983 relief. Rather, Plaintiff must first obtain habeas corpus relief before bringing suit pursuant to § 1983. Plaintiff has provided no evidence that he has sought relief through a habeas corpus action.

Furthermore, in *Heck*, the court declared "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalided is not cognizable under § 1983." *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Thus, a cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Heck*, 513 U.S. at 489-91. There is no proof or allegation that Plaintiff's conviction has been called into question. Accordingly, Plaintiff may not challenge the validity of his conviction or sentence by seeking damages under 42 U.S.C. § 1983.

Furthermore, Plaintiff's request that his state appointed attorney be removed from his case and barred from practicing law is completely without merit. The appointment and removal of counsel for a defendant facing state criminal charges is entirely within the discretion of state courts. For a variety of well established cornerstone legal principles, this court will not interfere with or supervise on-going state court criminal proceedings. Therefore, Plaintiff's complaints are devoid of any arguable legal theory worthy of any further consideration.

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Since Plaintiff's claims lacks a legal basis, it shall be dismissed for failure to state a claim upon which relief can be granted. Dismissal on this ground warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff has also earned one strike pursuant to 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 28th day of September, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE